Benjamin Brenner, J.
Application for rule 9 (Rules of Kings County Supreme Court) preference granted.
Plaintiff also seeks a preference under rule 151 of the Rules of Civil Practice on the ground that time of trial is of the essence, claiming that the question at issue, as to whether the defendant is actually an employer, must be speedily determined. For if he is truly an employer the action cannot be maintained and plaintiff must then be relegated to the remedy afforded by the Workmen’s Compensation Law (Workmen’s Compensation Law, § 11).
He asserts that he has filed no compensation claim and that if the instant action is not determined within two years from the time of accident he will, if found to be an employee, be foreclosed from seeking compensation (Workmen’s Compensation Law, §28). Plaintiff appears to be arguing that if he were to file a compensation claim during the pendency of this suit he may also be foreclosed from its continuance. However, section 11 of the Workmen’s Compensation Law, the section upon which he evidently relies, provides for the election of remedies only where the employer fails to secure the payment of compensation, in which case the employee may sue at common law or he may claim compensation under the act. It makes no reference to a situation where the injured person disclaims employment. It would thus appear that plaintiff may pursue both remedies and file his compensation claim any time before the end of the two-year period and thereby protect his right to compensation in the event that it be determined in the present action that he is an employee.
The difficulty, however, is that such a filing, prior to trial, may be prejudicial in that the workmen’s compensation file (in which an allegation of employment must be asserted) may, upon trial herein, be introduced into evidence (Nappi v. Falcon Truck Renting Corp., 286 App. Div. 123, affd. 1 N Y 2d 750) thereby contradicting his claim and possible testimony that he is not an employee. In these circumstances and in the interests of justice, a preference under rule 151 of the Rules of Civil Practice is justified and granted. The cause is fixed for trial on April 1.6, 1962.